CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

6/30/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHARLES MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:24-cv-00011 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EXPERIAN INFORMATION | ) | By:   Hon. Thomas T. Cullen |
| SOLUTIONS, INC., | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This matter is before the court on numerous motions to seal filed by the parties. (ECF Nos. 118, 121, 126, 131, 134, 141.) For the reasons discussed below, the motions will be granted in part.

The presumption of openness in court records and "[t]he right of public access derives from two independent sources: the First Amendment and the common law." *In re: U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (hereinafter "*In re: Order*") (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Va. Dep't of State Police*, 386 F.3d at 575 (first quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989), then quoting *Rushford v. New Yorker Mag.*, 846 F.2d 249, 253 (4th Cir. 1988)). While the common law "presumes a right to access *all* judicial records and documents, . . . this presumption can be rebutted if 'the public's right of access is outweighed by competing

interests.'" *Id.* (quoting *In re: Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "On the other hand, the First Amendment provides a right of access only to *particular* judicial records and documents, and this right yields only in the existence of a 'compelling governmental interest . . . that is] narrowly tailored to serve that interest.'" *In re: Ord.*, 707 F.3d at 290 (quoting *Va. Dep't of State Police*, 386 F.3d at 575).

When ruling on a motion to seal, the court ordinarily "must determine the source of the right of access with respect to each document sealed. Only then can it accurately weigh the competing interests at stake." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Here, because the parties seek to seal exhibits related to their competing motions for summary judgment, the "more stringent First Amendment right of public access applies," and the burden is on the party seeking to seal to "present specific reasons to justify restricting access to the information." *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2018 WL 10602398, at *1 (W.D. Va. Oct. 30, 2018) (collecting cases);[1] *see also Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 759 (N.D.W. Va. 2009) ("In the Fourth Circuit, the more rigorous First Amendment standard applies to documents filed in connection with a summary judgment motion in a civil case." (citing *In re Knight*, 743 F.2d at 235)).

Taking the motions in turn, Plaintiff Charles McCall ("McCall") first seeks to seal portions of his brief in opposition to Defendant Experian Information Services, LLC's ("Experian") motion for summary judgment (ECF No. 116), as well as several exhibits cited

---

[1] The court is also required to "give public notice of the request to seal and a reasonable opportunity to challenge it." *RLI Ins. Co.*, 2018 WL 10602398, at *1 (citing *Va. Dep't of State Police*, 386 F.3d at 576). Here, the motions have been filed on the public docket for nearly two months, and no party or other person or entity has indicated an objection to any of the requests to seal.

in that brief (Exhibits 3, 4, 5, 6, 7, 8, and 11). (ECF No. 118.) Although not dispositive of the request, McCall avers that the documents in question are subject to a protective order entered by this court and that Experian does not oppose the request.

The documents in question concern proprietary information and procedures Experian employs in its business, and they include testimony about and argument incorporating that information. The court has little trouble concluding that this information gives Experian specific advantages within its field, and that dissemination of the information could cause severe and lasting damage to its ability to operate in a competitive marketplace. *Accord Anderson v. Amazon.com Servs., LLC*, No. 4:23-CV-115-D, 2025 WL 1287984, at *13 (E.D.N.C. May 2, 2025) (collecting cases for the proposition that "[c]ourts across the country have routinely found . . . confidential business information. . . . warrant[ed] sealing"). Accordingly, the documents in question will be placed under seal.

Experian likewise moves to seal portions of its opposition to McCall's motion for summary judgment (ECF No. 120) and Exhibit A thereto. (ECF No. 121.) Like the prior motion, Experian moves to seal testimony related to its internal processes and procedures, disclosure of which would likely harm its standing and ability to compete in the marketplace. The court finds that sealing is appropriate, and Experian's brief and the accompanying exhibit will be placed under seal as well.

Next, McCall moves to seal his brief in support of his motion *in limine* to exclude certain evidence (ECF No. 125) and two exhibits in support of that motion, Exhibits C and D (ECF Nos. 125-3 & 125-4). (ECF No. 126.) Insofar as the brief and Exhibit C, which is Experian's expert disclosure and accompanying report, detail internal processes and procedures, as well

as other information that has the possibility to damage Experian's competitive advantage, sealing is appropriate.

But the court does not find that Exhibit D, which is a contract between Experian and non-party Capital One Services, Inc., implicates the same concerns. It is a rather standard contract for services between two businesses, and the court cannot discern any confidential or proprietary information referenced by or included in that document. And while Experian produced Exhibit D subject to a protective order and has designated the contract as "confidential," a party's "designation of documents as 'confidential' during discovery pursuant to a protective order 'is not sufficient to justify the sealing of those documents when submitted to the court in conjunction with a motion.'" *Consumer Fin. Prot. Bureau v. Nexus Servs., Inc.*, No. 5:21-cv-00016, 2023 WL 4850764, at *3 (W.D. Va. July 28, 2023) (quoting *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2017 WL 11367644, at *3 (W.D. Va. Mar. 21, 2017)). Accordingly, while the court will grant the motion to seal as to the brief and Exhibit C, it will grant the motion to seal Exhibit D only until the conclusion of this case, at which point Experian (or Capital One) will need to come forward with a satisfactory justification for the continued sealing of Exhibit D. *See* W.D. Va. Local R. 9(b)(2)(b).

Next, McCall has moved to seal his reply brief in support of his motion for partial summary judgment and several exhibits attached to that reply (ECF Nos. 130, 130-1, 130-2, 130-4, 130-5, 130-6 & 130-7). (ECF No. 131.) Because these exhibits contain confidential business information of both Experian and Capital One, as well as a Capital One credit report regarding McCall and containing his personally identifiable information, those documents warrant continued sealing, for all the reasons discussed above. *See also Howard v. Bd. of Educ. of*

*Anne Arundel Cnty.*, No. ELH-23-00195, 2023 WL 6067072, at *4 (D. Md. Sep. 15, 2023) (discussing sealing of personally identifiable information).

Experian also moves to seal its reply brief in support of its motion for summary judgment (ECF No. 133). (ECF No. 134.) That brief contains a brief reference to Experian's internal processes and procedures and, as stated above, disclosure of that information may serve to harm its business advantages. The motion to seal this pleading will be granted.

Finally, Experian has moved to seal its response in opposition to McCall's motion *in limine* to exclude certain evidence (ECF No. 140). (ECF No. 141.) With regards to the brief and Exhibits 1, 6, 7, and 8 thereto, they contain confidential business information, including an internal policy and internal data, the disclosure of which may harm Experian's advantages in a competitive market. Accordingly, the court finds that the sealing of these documents is appropriate.

But Exhibit 9, which is a subscriber service agreement that Experian utilizes when it is contracted to provide credit-reporting services, does not strike the court as the type of confidential information that should be withheld from the public in contravention of the First Amendment. It does not contain any confidential information or indicate the way in which Experian conducts its business, maintains its records, or collects information. Accordingly, absent some argument as to the necessity of sealing this document in particular, the motion to seal will be granted only in part. Specifically, like Exhibit D above (ECF No. 125-4), the court will place Exhibit 9 under seal until the conclusion of this case. If Experian does not come forward with a justification for continued sealing beyond that time, the seal will be lifted.

Finally, because the majority of the requests to seal are being granted, the court must consider an appropriate duration for sealing. *See* W.D. Va. Local R. 9(b)(2)(c) (noting that the parties, in requesting to seal any document, should file a motion containing "the duration for which sealing is requested"). Because the exhibits and briefs that the court will seal contain information that, if disclosed, court harm the business advantages of Experian and/or Capital One Services, a sufficient duration is necessary to protect that information. But given the rapidity at which technology advances (and especially with the advent of artificial intelligence), unlimited sealing is not necessary. Rather, in the court's view, a five-year duration will protect the business advantages at stake. At the conclusion of that five-year term, the information under seal will very likely be out of date. But if it is not, any party may move to extend the duration of the seal.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 30th day of June, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE